In re:                                                          Case No. 18-00757-RNO
Patricia Anne Smith                                             Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5        User: AGarner        Page 1 of 2          Date Rcvd: Aug 29, 2018
                            Form ID: pdf002       Total Noticed: 39

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 31, 2018.
db            +Patricia Anne Smith,    2127 Horning Road,   East Stroudsburg, PA 18302-8014
5027556       +ACCOUNT RESOLUTION SERVICES,    1643 N HARRISON PKWY BUILDING H,   SUITE 100,
               SUNRISE, FL 33323-2857
5027581        AKRON BILLING CENTER,   3585 RIDGE PARK DR,   AKRON, OH 44333-8203
5027565       +ARS ACCOUNT RESOLUTION,    1643 HARRISON PKWY STE 100,   SUNRISE, FL 33323-2857
5027582       +BASEPOINTE-HM,   3225 NORTH STAR CIRCLE,   LOUISVILLE, TN 37777-5059
5027585       +BRADFORD EXCHANGE ONLINE,    9333 N. MILWAUKEE AVE,   NILES, IL 60714-1392
5027557       +BYL COLLECTIONS SERVICES,    301 LALEY STREET,   WEST CHESTER, PA 19382-3727
5027558       +BYL COLLECTIONS SERVICES,    PO BOX 569,   MALVERN, PA 19355-0569
5027561       +CAPITAL ONE AUTO FINANCE,    CB DISPUTES TEAM,   PO BOX 259407,   PLANO, TX 75025-9407
5027560       +CHASE CARD,   PO BOX 15298,   WILMINGTON, DE 19850-5298
5027570       +CITIZENS BANK NA,   770 LEGACY PL,   DEDHAM, MA 02026-6837
5027577       +DM/MASON COMPANIES INC,    1251 1ST AVE,   CHIPPEWA FALLS, WI 54729,   SEVENTH AVENUE,
               1112 7TH AVE,   MONROE, WI 53566-1364
5027559       #+EASTERN REVENUE INC,   998 OLD EAGLE SCHOOL RD STE 1204,   WAYNE, PA 19087-1805
5027567       +EMERG CARE SERV OF PA PC,    PO BOX 740021,   CINCINNATI, OH 45274-0021
5027564       +FANNIE MAE,   3900 WISCONSIN AVE NW,   8H 707,   WASHINGTON, DC 20016
5027563       #+FIRST NTL COLL BUREAU,    610 WALTHAM WAY,   MCCARRAN, NV 89434-4695
5027580        HEART CARE OF THE POCONOS, PC,    100 PLAZA COURT, SUITE C,   EAST STROUDSBURG, PA 18301-8258
5027584       +KML LAW GROUP,   701 MARKET STREET, SUITE 5000,   PHILADELPHIA, PA 19106-1541
5046269       +MONROE LAKES PROPERTY OWNERS ASSOCIATION,    6253 EAST LAKESHORE DRIVE,
               EAST STROUDSBURG, PA 18302-8396
5046268       +MONROE LAKES PROPERTY OWNERS ASSOCIATIONS,    6253 EAST LAKESHORE DRIVE,
               EAST STROUDSBURG, PA 18302-8396
5027583       +MONROE RADIOLOGY IMAGING PC,    PO BOX 12 B,   EAST STROUDSBURG, PA 18301-0012
5088124       +Monroe Lakes Property Owners Association,    6253 Lakeshore Drive E.,
               East Stroudsburg, PA 18302-8396
5027566        PENNSYLVANIA HM ASSOCIATES PC,    PO BOX 630707,   CINCINNATI, OH 45263-0707
5027568       +POCONO MEDICAL CENTER,    206 EAST BROWN STREET,   EAST STROUDSBURG, PA 18301-3094
5027569        POCONO MEDICAL CENTER,    PO BOX 822009,   PHILADELPHIA, PA 19182-2009
5027575       +SANTANDER CONSUMER USA,    8585 N STEMMONS FWY,   DALLAS, TX 75247,   DIAMOND RESORTS CENTRALI,
               10600 W CHARLESTON BLVD,   LAS VEGAS, NV 89135-1260
5027586       +TOTAL GYM FITNESS, LLC,    835 SPRINGDALE DR, SUITE 206,   EXTON, PA 19341-2833

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5027571       +E-mail/PDF: AIS.COAF.EBN@Americaninfosource.com Aug 29 2018 19:23:23
               CAPITAL ONE AUTO FINANCE,    3901 DALLS PKWY,   PLANO, TX 75093-7864
5027562       +E-mail/PDF: AIS.oscard.ebn@americaninfosource.com Aug 29 2018 19:24:28
               CAPITAL ONE BANK USA NA,    PO BOX 30281,   SALT LAKE CITY, UT 84130-0281
5027579        E-mail/Text: pmiller@conradco.com Aug 29 2018 19:16:43     CONRAD ACCEPTANCE CORPORATION,
               PO BOX 469109,   ESCONDIDO, CA 92046-9109
5027574       +E-mail/PDF: creditonebknotifications@resurgent.com Aug 29 2018 19:23:58     CREDIT ONE BANK,
               PO BOX 98875,   LAS VEGAS, NV 89193-8875
5056945        E-mail/PDF: resurgentbknotifications@resurgent.com Aug 29 2018 19:23:25
               LVNV Funding, LLC its successors and assigns as,    assignee of Citibank USA, N. A.,
               Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
5027576       +E-mail/Text: bkr@cardworks.com Aug 29 2018 19:16:20     MERRICK BANK,   PO BOX 9201,
               OLD BETHPAGE, NY 11804-9001
5027553       +E-mail/Text: bankruptcy@nbtbank.com Aug 29 2018 19:16:54     NBT BANK NA,   20 MOHAWK ST,
               CANAJOHARIE, NY 13317-1144
5027573       +E-mail/PDF: cbp@onemainfinancial.com Aug 29 2018 19:24:21     ONEMAIN,   6801 COLWELL BLVD,
               IRVING, TX 75039-3198
5027572       +E-mail/PDF: cbp@onemainfinancial.com Aug 29 2018 19:24:22     ONEMAIN,   PO BOX 59,
               EVANSVILLE, IN 47701-0059
5027554       +E-mail/Text: bankruptcyteam@quickenloans.com Aug 29 2018 19:16:54     QUICKEN LOANS,
               1050 WOODWARD AVE,   DETROIT, MI 48226-1906
5027555       +E-mail/Text: bankruptcyteam@quickenloans.com Aug 29 2018 19:16:54     QUICKEN LOANS,
               635 WOODWARD AVENUE,   DETROIT, MI 48226-3408
5027578        E-mail/PDF: cbp@onemainfinancial.com Aug 29 2018 19:23:46     SPRINGLEAF FINANCIAL SVC,
               PO BOX 59,   EVANSVILLE, IN 47701
                                                                                  TOTAL: 12

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +Monroe Lakes Property Owners Association,    6253 Lakeshore Drive E.,
               East Stroudsburg, PA 18302-8396
5039919*      +Quicken Loans Inc.,   635 Woodward Avenue,   Detroit, MI 48226-3408
                                                                      TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 31, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 29, 2018 at the address(es) listed below:
        Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
        James  Warmbrodt    on behalf of Creditor   Quicken Loans Inc. bkgroup@kmllawgroup.com
        Jeremy Michael Bolles    on behalf of Debtor 1 Patricia Anne Smith lawoffice.jmbolles@gmail.com,
        jmbolles@gmail.com
        Joseph R. Baranko, Jr.   on behalf of Creditor   Monroe Lakes Property Owners Association
        josephb@slusserlawfirm.com
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                           TOTAL: 5

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| PATRICIA ANNE SMITH | CASE NO. 5:18-BK-00757 |

____ ORIGINAL PLAN
1st AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
____ Number of Motions to Avoid Liens
____ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

       1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is
$ 6,600.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/2018 | 03/2022 | $120.00 | | $120.00 | $6,600.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $6,600.000 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( ) Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

property known and designated as _____

_____ ____. All sales shall be completed by

_____, 20____. If the property does not sell by the date
specified, then the disposition of the property shall be as follows:

_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the
Trustee as follows: _____

_____

## 2. SECURED CLAIMS.

**A. Pre-Confirmation Distributions.** *Check one.*

✓     None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____     Adequate protection and conduit payments in the following amounts will be paid by
the Debtor to the Trustee. The Trustee will disburse these payments for which a proof
of claim has been filed as soon as practicable after receipt of said payments from the
Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan
payment, or if it is not paid on time and the Trustee is unable to pay timely a payment
due on a claim in this section, the Debtor's cure of this default must include any
applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in
the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other
Direct Payments by Debtor.** *Check one.*

____     None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓     Payments will be made by the Debtor directly to the creditor according to the original
contract terms, and without modification of those terms unless otherwise agreed to by
the contracting parties. All liens survive the plan if not avoided or paid in full under
the plan.

3

Case 5:18-bk-00757-RNO    Doc 39    Filed 08/20/18    Entered 08/20/18 10:57:51    Desc
Main Document     Page 3 of 11
Case 5:18-bk-00757-RNO    Doc 43    Filed 08/31/18    Entered 09/01/18 00:43:36    Desc
Imaged Certificate of Notice     Page 5 of 13

Rev. 12/01/17

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Quicken Loans Inc. | Residence: 2127 Horning Rd, East Stroudsburg, PA 18302 | 8647 |
| | | |
| | | |

**C.** __Arrears (Including, but not limited to, claims secured by Debtor's principal residence).__ *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Quicken Loans Inc. | Residence: 2127 Horning Rd, East Stroudsbrug, PA 18302 | $6,483.76 | $825.00 * Post petition fees | $7,308.76 |
| | | | | |
| | | | | |

**D.** __Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)__

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1.   The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2.   In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised.  If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3.   Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E.   Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

____ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**F. Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

____ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| The name of the holder of the lien. | | |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 0.00_____ already paid by the Debtor, the amount of $ 0.00_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

7

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

___ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

    **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

   ✓  plan confirmation.
   ___ entry of discharge.
   ___ closing of case.

9

**7.  DISCHARGE: (Check one)**

(✓)  The debtor will seek a discharge pursuant to § 1328(a).
( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

10

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 8/20/2018

/s/ Jeremy M. Bolles, Esq.
Attorney for Debtor

/s/ Patricia Anne Smith
Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11